JOSEPH PETRILLI, Claimant, *vs.* ILLINOIS PUBLIC AID COMMISSION, Respondent.

*Opinion filed September 11, 1945.*

FISHER, C. J.

A request for an advisory opinion has been submitted by the above respondent based upon the following statements of fact:

## STATEMENTS OF FACT

Mr. Joseph Petrilli of Rural Route No. 1, Springfield, Illinois, claims to have sustained a deep laceration of the left wrist on the 10th day of April, 1945 while working for the Illinois Public Aid Commission in Sangamon County, Springfield, Illinois.

As a result of this laceration, the large artery in the left wrist was severed causing profuse bleeding.

At the time of this accident, Mr. Petrilli was employed by the Illinois Public Aid Commission in the Division of Office Management as Janitor I. His duties consisted of messenger trips to the Civil Service Commission, Merit System Council and the various code departments and commissions, assisting in the folding of letters and processing of mail for the 102 downstate counties and delivering same to the post office several times during the course of the day, keeping necessary supplies on hand for the mailing unit, assisting storekeeper in unpacking supplies and putting stock on shelves, procuring storage boxes and binding Public Assistance vouchers for the Cook County Bureau of Public Welfare and the 102 downstate counties for permanent filing purposes, moving furniture, desk and other office equipment when necessary, keeping water bottles filled and mopping up spilled water from coolers in the three Springfield offices of the Commission which are located in Rooms 201 and 403 Armory Building and at 219 East Monroe Street, keeping excess dirt and rubbage swept up as required, replacing light bulbs, cleaning and keeping all fans oiled and moving same when necessary, moving file boxes for the filing unit from one office to another as required, removing excess waste paper when necessary and assisting in the wrapping of packages for the mail unit and stores department for transmission to the various offices throughout the State.

Responsibility for administration of the Public Aid program in Illinois is divided between the overseer of the poor, who administers general relief and care for the medically indigent, and the Illinois Public Aid Commission, who administers the Social Security program

through the County Departments of Public Assistance of the one hundred and one (101) downstate counties, and the Public Assistance Division of the Cook County Bureau of Public Welfare in Cook County. The County Departments operate in accordance with uniform policies and procedures as set up by the Commission.

The Illinois Public Aid Commission has created many divisions and departments through which assistance is administered, one of these being the Division of Office Management. The work of this division includes the receiving, storing, shipping, loading, unloading, packaging, unpackaging of all furniture and equipment used by the Commission throughout the State; and also the cutting of paper used by the Commission in its work.

Mr. Petrilli was appointed Janitor I on the 5th day of May, 1942. He works approximately one hundred and sixty-six (166) hours per month and for his services receives a salary of One Hundred Thirty Dollars ($130.00) per month.

On the 10th day of April, 1945 at about 10:00 a.m., Mr. Petrilli was replacing the empty water bottle in the water cooler with a full bottle. While doing so he slipped causing the bottle to break. Part of the broken glass cut his left wrist, severing one of the large arteries. (See copy of statement of Mr. Petrilli attached and identified as Exhibit I.)

Following the accident Mr. Petrilli was taken to St. John's Hospital, Springfield, Illinois, by his Superior, Mr. Garrett W. Keaster, where he remained for a period of six (6) days. (See copy of Mr. Keaster's Statement attached, identified as Exhibit V.) Many services were rendered to Mr. Petrilli while in St. John's Hospital including medicine, laboratory examination, anesthetic, intravenous and dressings.

While in the hospital and for sometime thereafter, Mr. Petrilli was attended by Dr. David H. McCarthy, 608½ East Capitol Avenue, Springfield, Illinois. During this period of time Dr. McCarthy performed many services including blood transfusion, sutures, visits to the hospital and dressings.

It was necessary for Mr. Petrilli to spend Nine Dollars and Seventy-five Cents ($9.75) for taxi fare between the doctor's office and the hospital and his home. (A copy of the statement of Mr. Petrilli's expenditures is attached and identified as Exhibit II.)

As a result of this accident it was necessary for Mr. Petrilli to be absent from his duties with the Illinois Public Aid Commission from April 10, 1945 until May 11, 1945, a period of thirty (30) days.

Hospital and medical bills (See Exhibits III and IV attached) were as follows;

To: St. John's Hospital, Springfield, Illinois..$44.85
Said sum includes:

| | |
|---|---|
| Emergency Room Treatment | $ 6.00 |
| Anesthetic | 1.00 |
| Laboratory: Routine Lab. Examination | 5.00 |
| Sugar | 2.00 |
| Urinalysis (2) | 1.00 |
| Pharmacy | .40 |
| Intervenous | 2.50 |
| Dietetics | 2.70 |
| Medicinal Supplies | .50 |
| Dressings | 2.75 |
| Hospitalization: 6 days @ $3.50 | 21.00 |
| | $44.85 |

To: Dr. David H. McCarthy, Springfield, Illinois..
...............$40.00
Said sum includes:

*1945*
April 10—1st Aid—Hospital..................... $10.00

April 11-12-13-14-15-16—Hospital ............................. 12.00
April 18-20-23-26-30—Office ................................. 10.00
May 2-5-10-18—Office ........................................ 8.00

Claimant has requested that payment be made by the Illinois Public Aid Commission to him, Joseph Petrilli, the sum of $9.75 as reimbursement for taxi fee paid by him; to the St. John's Hospital, Springfield, Illinois the sum of $44.85 for services rendered by them; to Dr. David H. McCarthy $40.00 for services rendered by him. The said bills have been examined by the Illinois Public Aid Commission and have been found to be reasonable.

Claimant contends that on the date of his accident he and respondent were operating under the provisions of the Workmen's Compensation Act of this State, and that on such date claimant sustained accidental injuries which arose out of and in the course of his employment by the Illinois Public Aid Commission, and that the Illinois Public Aid Commission had notice of this accident and notice was made to his employer within six months after the accident, in accordance with the provisions of the said Workmen's Compensaton Act.

Claimant does not ask temporary, total, or permanent total disability.

### EXHIBIT I.

#### STATEMENT OF JOSEPH PETRILLI.

"My name is Joseph Petrilli. Am married and living with my wife and family at Rural Route 1, Box 251, Springfield, Illinois. Am fifty-three years of age. Am employed by the Illinois Public Aid Commission, 201 Armory Building, Springfield, Illinois, as a janitor and have been so employed since May 5, 1942.

On the 10th day of April, 1945, approximately 10:00 A. M., I was performing my duties in the office in Springfield, Illinois, Second Floor, Armory Building, when I noticed that one of the water coolers in the office was empty. I went to the place where we keep the water bottles to replace the empty ones and proceeded to carry it to the cooler. After taking off the empty bottle I proceeded to place the full bottle in its place. As I was doing so I stepped into some water that had

spilled on the floor, causing me to slip and lose control of the bottle. The bottle fell to the floor causing it to break.

Soon thereafter I noticed a large cut in my left wrist caused by a piece of broken glass from the bottle. A large amount of blood was flowing from my wrist.

Mr. Keaster and others in the office succeeded in stopping the flow of blood and I was taken to St. John's Hospital, Springfield, Illinois, by Mr. Keaster. I remained in the hospital for a period of six days.

While in the hospital and up to and including the 18th day of May, 1945, I was treated by Dr. David H. McCarthy, Springfield, Illinois. Dr. McCarthy released me on the 18th day of May and said that I had recovered from my injury. I was told by Dr. McCarthy that one of the large arteries in my left wrist was severed.

I returned to work on the 11th day of May, 1945.

I have read this statement and it is true and correct.

/s/  Joseph Petrilli."

EXHIBIT II.

"Taxi Fares to and From Doctor's Office:

| | |
|---|---|
| April 16—From hospital to home..... | $ .65 |
| April 18—To Doctor's office and return (round trip)..... | 1.30 |
| April 20—To Doctor's office and return (round trip)..... | 1.30 |
| April 26—To Doctor's offive and return (round trip)..... | 1.30 |
| April 30—To Doctor's office and return (round trip)..... | 1.30 |
| May  2—To Doctor's office and return (round trip)..... | 1.30 |
| May  5—To Doctor's office and return (round trip)..... | 1.30 |
| May 10—To Doctor's office and return (round trip)..... | 1.30 |
| | $9.75 |

/s/  Joseph Petrilli."

EXHIBIT III.

St. John's Hospital
Springfield, Illinois
April 18, 1945.

"Illinois Public Aid Commission
Armory Bldg.
Springfield, Ill.

Re:  Joseph Petrilli
R. R. #1
Springfield, Ill.

4/10/45 to 4/16/45

| | |
|---|---|
| Emergency Room Treatment..... | $ 6.00 |
| Anesthetic ..... | 1.00 |

| | | |
|---|---|---|
| Laboratory: | Routine Lab. Examination...................... | 5.00 |
| | Sugar ......................................... | 2.00 |
| | Urinalysis (2) ................................ | 1.00 |
| Pharmacy | ................................................... | 0.40 |
| Intravenous | .............................................. | 2.50 |
| Dietetics | ..................................................... | 2.70 |
| Medicinal Supplies | .......................................... | .50 |
| Dressings | ..................................................... | 2.75 |
| Hospitalization: | 6 days @ $3.50............................ | 21.00 |
| | | |
| Total | ............................................... | $44.85 |

ST. JOHN'S HOSPITAL, Credit Dept."

## EXHIBIT IV.

"To DAVID H. McCARTHY, M. D., Dr.
Office 608½ East Capitol Avenue
Springfield, Illinois.

Office Hours:   2 to 5 and 7 to 8 P. M.—Sundays, 11 to 12 A. M.

State of Illinois—Dept. of Public Welfare.

Div. Public Aid Commission—Springfield, Illinois.

For Professional Services Rendered JOSEPH PETRILLI:

*1945*

| | | |
|---|---|---|
| April 10—First Aid—Hospital | ................................. | $10.00 |
| April 11-12-13-14-15-16—Hospital | .............................. | 12.00 |
| April 18-20-23-26-30—Office | ............................. | 10.00 |
| May 2-5-10-18—Office | ......................................... | 8.00 |
| | | |
| | | $40.00 |

Received Payment.............................194...."

## EXHIBIT V.

"STATEMENT OF GARRETT W. KEASTER.

My name is Garrett W. Keaster, and I reside at 246 Cobb Avenue, Decatur, Illinois.   I am 43 years old, and employed by the Illinois Public Aid Commission, 201 Armory Building, Springfield, Illinois, as State Field Representative and have been so employed since November 15, 1941. As such I am Mr. Joe Petrilli's immediate supervisor.

On the morning of April 10, 1945, at approximately 10:00 A. M., I noticed a commotion in the outer office and I left my desk to investigate what was causing the excitement.   I noticed several people in and around Mr. Joseph Petrilli, and upon investigation I found that he had severed an artery in his left arm when in the process of placing

a full water bottle on top of one of our electric water coolers. With Mr. Petrilli were Harry Mann and Herschel White, two employees of the Commission, who were holding a tourniquet around Mr. Petrilli's arm, and also with their hands assisting in the stopping of the flow of blood from Mr. Petrilli's wrist.

After discovering that Mr. Petrilli had a serious cut I told them my car was in front of the building and that we should immediately rush Mr. Petrilli to St. John's Hospital, Springfield, Illinois.

The hospital was called and they were ready to receive Mr. Petrilli upon our arrival, and immediate attention was given to the stopping of the flow of blood from his wrist. After seeing that Mr. Petrilli was receiving all the medical attention that was required I returned to my duties in the Armory Building.

I made several visits to the hospital to see Mr. Petrilli and to inquire regarding the progress he was making and to his health in general.

I have read this statement and it is true and correct to the best of my knowledge.

GARRETT W. KEASTER.

Witnessed by JUANITA DRENDEL."

From the above statements of fact it appears that on the date of the injury, claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State; that on said date claimant sustained accidental injuries which arose out of and in the course of his employment; that notice of the accident was given to respondent, and claim for compensation on account thereof was made within the time required by law.

Section 8, sub-section (a) of the Workmen's Compensation Act provides:

"The employer shall provide the necessary first aid, medical and surgical services, and all necessary medical, surgical and hospital services thereafter; limited, however, to that which is reasonably required to cure or relieve from the effects of the injury * * *."

The record shows that the following bills were incurred and are unpaid:

St. John's Hospital, Springfield, Illinois.........................$44.85
Dr. David H. McCarthy, Springfield, Illinois..................... 40.00

The record further shows that claimant expended the sum of $9.75 for transportation charges from his home to the hospital and the doctor's office.

The record further discloses that said charges are reasonable.

From the statements of fact herein, we find that claimant is entitled to payment of said items under the provisions of the Workmen's Compensation Act, and that the Illinois Public Aid Commission is properly justified in paying said claims in the sum of Ninety-Four Dollars and Sixty Cents ($94.60). Payment of this claim in the sum of Ninety-four Dollars and, Sixty Cents ($94.60) is recommended, same to be made by the Illinois Public Aid Commission out of any funds held by it for such purposes.